UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,         :

                                          :        **SUMMARY ORDER**

          -against-                     :        05 CR 194 (DLI)

                                          :

PETER LOVAGLIO, *pro se*,            :

                                          :

                Defendant.        :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      *Pro se* defendant Peter Lovaglio ("Defendant"), an inmate at the Federal Correctional Institution in Fort Dix, New Jersey, seeks an order from this court directing the Federal Bureau of Prisons (BOP) to credit Defendant with eight months and six days of imprisonment pursuant to a recommendation this court made to the BOP at the time of Defendant's sentencing. Alternatively, Defendant requests that this court amend his sentence "to delete any mention of jail credit and indicate that Mr. Lovaglio be committed to the custody of the United States Bureau of Prisons for a term of thirty[-]eight (38) months to run consecutively to his undischarged terms of imprisonment." As Defendant has failed to exhaust his administrative remedies, the court dismisses Defendant's motion without prejudice.

      The Attorney General, through the BOP, is responsible for imprisoning federal prisoners. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 331 (1992). Moreover, it is the Attorney General who computes the amount of credit due a defendant for time served, if any, during presentence custody. *Wilson*, 503 U.S. at 334-35. Prisoners may pursue administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10-542.19 (2007); *Wilson*, 503 U.S. at 335. Only after exhausting their administrative remedies may prisoners seek judicial review of the

1

challenged computations. *See Wilson*, 503 U.S. at 335-36.

To appropriately exhaust administrative remedies, an inmate must follow a multi-level grievance procedure established by the BOP's Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; *see also Thomas v. Craig*, No. 05-cv-1416 (DEP), 2007 U.S. Dist. LEXIS 18346, at *3 n.2 (N.D.N.Y. Mar. 15, 2007). First, the inmate must initiate informal resolution by filing a "BP-8" form. 28 C.F.R. § 542.13(a); *see also George v. Morrison*, No. 06 Civ. 3188(SAS), 2007 WL 1686321, at *3 n.41. Second, should informal resolution prove unsuccessful and the inmate wishes to pursue the claim, he or she may then file a formal written complaint on a "BP-9" form within twenty calendar days of the date of the occurrence on which the complaint is based. 28 C.F.R. § 542.14(a). Third, if the inmate is not satisfied with the response, he or she may submit an appeal on a "BP-10" form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. *Id.* § 542.15(a). Fourth, if the inmate wishes to appeal the Regional Director's decision, he or she may appeal to the Office of General Counsel, Washington, D.C., on a "BP-11" form. *Id.* This last step is the final administrative appeal. *Id.*

Defendant has not exhausted his administrative remedies. Defendant submitted to the BOP a request for correction to his jail credit on a form labeled BP-S148.055, to which he received a response on July 23, 2007. (*See* Def.'s Ex. 5.) He then apparently submitted a BP-8 form, to which he received a response on August 13, 2007. (*See* Def.'s Letter Attach., Aug. 30, 2007.) Defendant does not appear to have filed a BP-9 form to initiate formal administrative review. Thus Defendant's complaint is not yet ripe for judicial review.

It is particularly important for Defendant to seek resolution within the BOP of this matter, as the calculation of jail credits is squarely within the province of the BOP's delegated authority under 18 U.S.C. § 3621(a). *See United States v. Wilson*, 503 U.S. at 334-35. Accordingly, Defendant's motion is dismissed without prejudice to renew once he has fully exhausted his administrative remedies.

SO ORDERED.

DATED:     Brooklyn, New York
               September 19, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge