# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |

Peter Lovaglio

Case No.     CR-05-194(DLI)/ CR-12-780(DLI)

USM No.     50825-054

Patrick Parrotta, Esq., 77 Targee St., S. I., NY 10304
Defendant's Attorney

**THE DEFENDANT:**

✓ admitted guilt to violation of condition(s)   1, 2, 3 4, & 5   of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1, 2, 3, | THE OFFENDER SHALL FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER | |
| 4 | THE OFFENDER SHALL NOT COMMIT ANOTHER FEDERAL STATE OR LOCAL CRIME | |
| 5 | THE OFFENDER SHALL BE UNDER HOME CONFINEMENT WITH ELECTRONIC MONITORING | |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

✓ The defendant has not violated condition(s)   ALL OPEN   and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 7996

Defendant's Year of Birth:   1961

City and State of Defendant's Residence:
22 LAFAYETTE ST., STATEN ISLAND, NY

JUNE 25, 2013
Date of Imposition of Judgment

S/ Dora L. Irizarry
Signature of Judge

DORA L. IRIZARRY, U.S.D.J.
Name and Title of Judge

June 26, 2013
Date

DEFENDANT: Peter Lovaglio
CASE NUMBER: CR-05-194(DIL)/ CR-12-780(DIL)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :
TWENTY-FOUR (24) MONTHS OF INCARCERATION ON CHARGES 1, 2 ,3, 4 & 5 OF THE VIOLATION REPORT. THE SENTENCE IMPOSED ON EACH CHARGE SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL TERM OF TWENTY FOUR (24) MONTHS OF INCARCERATION.

✓ The court makes the following recommendations to the Bureau of Prisons:
THE DEFENDANT SHALL BE DESIGNATED TO A FACILITY LOCATED IN THE NORTH EAST REGION THAT CAN ACCOMMODATE HIS MEDICAL NEEDS.

✓ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Peter Lovaglio
CASE NUMBER: CR-05-194(DIL)/ CR-12-780(DIL)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

TWELVE (12) MONTHS OF SUPERVISED RELEASE WHICH IS IMPOSED ON EACH COUNT. THE TERM IMPOSED ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL TERM OF TWELVE (12) MONTHS OF SUPERVISED RELEASE.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Peter Lovaglio
CASE NUMBER: CR-05-194(DIL)/ CR-12-780(DIL)

## SPECIAL CONDITIONS OF SUPERVISION

1) THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSURES TO THE PROBATION DEPARTMENT.

2) THE DEFENDANT SHALL NOT POSSESS ANY KIND OF FIREARMS, AMMUNITION OR EXPLOSIVE DEVICES.

3) THE DEFENDANT SHALL PARTICIPATE IN A DRUG TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT, BE IT EITHER OUT PATIENT OR IN PATIENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF THE SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFENDANT'S ABILITY TO PAY AND/ OR THE AVAILABILITY OF THIRD PARTY PAYMENT. THE DEFENDANT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND OR ALCOHOL. THE DEFENDANT SHALL SUBMIT TO DRUG TESTING AS DIRECTED BY THE PROBATION DEPARTMENT.

4) THE DEFENDANT SHALL NOT ASSOCIATE IN PERSON, THROUGH MAIL, ELECTRONIC MAIL OR TELEPHONE WITH ANY INDIVIDUAL WITH AN AFFILIATION TO ANY ORGANIZED CRIME GROUPS, GANGS OR ANY OTHER CRIMINAL ENTERPRISE; NOR SHALL THE DEFENDANT FREQUENT ANY ESTABLISHMENTS, OR OTHER LOCALE WHERE THESE GROUPS MAY MEET PURSUANT, BUT NOT LIMITED TO, A PROHIBITION LIST PROVIDED BY THE PROBATION DEPARTMENT.

5) THE DEFENDANT SHALL PARTICIPATE IN FULL-TIME EDUCATIONAL OR VOCATIONAL TRAINING, OBTAIN FULL-TIME EMPLOYMENT, OR A COMBINATION OR PART-TIME VOCATIONAL OR EDUCATIONAL TRAINING AND PART-TIME EMPLOYMENT.

6) THE DEFENDANT SHALL COMPLY WITH THE RESTITUTION OF $716,810.00 ORDERED IN THE S.D.N.Y. CASE, CR-01-739 BY JUDGE KOELTL.

7) THE DEFENDANT SHALL SUBMIT TO RANDOM DRUG AND ALCOHOL TESTING BY THE PROBATION DEPARTMENT.

DEFENDANT: Peter Lovaglio
CASE NUMBER: CR-05-194(DLI)/ CR-12-780(DIL)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 00.00 | $ 00.00 | $ 716,810.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See exhibit A | | | |
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✓ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ✓ the interest requirement is waived for the ☐ fine ✓ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Peter Lovaglio
CASE NUMBER: CR-05-194(DIL)/ CR-12-780(DIL)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

RESTITUTION SHALL BE PAID AT THE RATE OF 10% OF THE DEFENDANT'S GROSS MONTHLY INCOME AND PAYMENTS SHALL COMMENCE IMMEDIATELY UPON HIS RELEASE FROM INCARCERATION. THE COURT HAS WAIVED THE INTEREST REQUIREMENT AS TO THE RESTITUTION.

# EXHIBIT A

| Victim Investor | | Loss |
|---|---|---|
| Harold Beam | | $5,000 |
| Joseph Doyle | | $10,000 |

| Name | | Amount |
|---|---|---|
| Stephen Madden | | $5,000 |
| Russell Schieder | | $10,000 |
| Mario Vukasin | | $25,000 |
| Thomas Neff | | $28,000 |
| Juan Dizon | | $10,000 |
| Saul Freitas | | $200,000 |
| Oael Philips | | $1,000 |
| David and Marlene Dalsanto | | $7,500 |
| Norman Biesenthal | | $5,000 |
| William and Valerie Hegerhorst | | $2,000 |
| Joseph Iacobucci | | $5,000 |
| William Corotis | | $10,000 |
| Harvey A. Schramm | | $2,500 |
| Richard Nadler | | $5,000 |
| Arthur Geoghegan | | $15,000 |
| J.P. Travers | | $58,310 |
| Glen B. Schinzel | | $10,000 |
| Harry W. Wayne | | $40,000 |
| Robert and Harriet Netson | | $5,000 |

| | | |
|---|---|---|
| Sunrise Photography | | $1,000 |
| James and Karen Crone | | $2,500 |
| Alexander and Valerie Hamilton | | $10,000 |
| Jeffrey and Monica MacNerland | | $4,000 |
| T.H. Holloway | | $25,000 |
| Barry Broome | | $5,000 |
| Baptist Community Services | | $100,000 |
| Steven Bakalar | | $5,000 |
| Kurt Heitmann | | $100,000 |
| Unidentified investor | | $5,000 |
| | Total: | $716,810 |